UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE STREET PHOTO & VIDEO, LLC,<br><br>　　　　　Defendant. | Case No. 16-cv-02698-MEJ<br><br>**ORDER GRANTING PERMISSION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Pending before the Court is Plaintiff Jane Doe's ("Plaintiff") Request to Proceed Under a Pseudonym and for a Protective Order, which seeks to preserve Plaintiff's privacy and prevent Defendant George Street Photo & Video, LLC ("George Street") and other Doe Defendants (collectively, "Defendants") from publicly disclosing Plaintiff's identity. Req., Dkt. No. 10. Plaintiff served George Street with this Request and supporting documents (Certificate of Serv., Dkt. No. 12), and George Street has not filed objections or any other response. Meanwhile, Plaintiff has filed an Amended Complaint, Dkt. No. 13, and given the newly asserted claims, has also filed a Supplemental Brief in support of her Request to proceed pseudonymously, Dkt. No. 14. For the reasons set forth below, the Court **GRANTS** Plaintiff's Request to Proceed Under a Pseudonym and for a Protective Order.

## BACKGROUND

Plaintiff's suit arises from the online publication of excerpts of her private wedding video, which she alleges "went viral" and have been viewed "by millions of Internet users" across the world. Am. Compl. ¶¶ 58-60. These excerpts allegedly depict Plaintiff's new and "obviously inebriated" husband "perform[ing] a series of sexually suggestive and other inappropriate acts []

directed toward Plaintiff," her "emotional reaction" to this behavior, and Plaintiff being consoled by her family and friends. *Id*. ¶¶ 51-52. In addition, Plaintiff asserts that "hundreds of Internet users published comments ridiculing and personally criticizing" her. Req. at 3. Plaintiff alleges the publication of the video excerpts has caused her to suffer several ongoing harms, including severe psychological and emotional distress, reputational damage, etc. *Id*. at 3, 6. In addition, Plaintiff, whose name has not yet been linked to the video, fears that if unable to proceed under a pseudonym and with a protective order, her name will become associated with the video, resulting in further emotional distress and potentially irreparable harm to her reputation and career. *Id*.

## REQUEST TO PROCEED PSEUDONYMOUSLY

Ordinarily, pleadings must identify the names of parties to a suit. Fed. R. Civ. P. 10(a). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In cases where pseudonyms "are used to shield the anonymous party from retaliation," the Court, in evaluating the need for anonymity, also considers (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, and (4) the prejudice to the opposing party and whether proceedings may be structured to avoid that prejudice. *Id.* at 1068 (citations omitted). Additionally, the Court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*. (citation omitted).

Ultimately, "[t]he question is one of balance." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). As the Ninth Circuit explained:

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. . . . Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm . . . ; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature" . . . ; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"

2

*Advanced Textile*, 214 F.3d at 1068 (citations and quotations omitted); *see also Jane Roes 1-2*, 77 F. Supp. 3d at 993 (recognizing that "[i]n this circuit, . . . we allow parties to use pseudonyms" where it is "necessary" to "protect a person from . . . *ridicule or personal embarrassment.*" (quoting *Advanced Textile*, 214 F.3d at 1068 (emphasis in *Jane Roes 1-2*))); *cf. Doe v. Standard Ins. Co.*, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) (indicating that something more than general "[l]itigation-related stress and a general desire for privacy" is needed to justify the granting of a request to proceed under a pseudonym). The Ninth Circuit has, however, recognized that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textile*, 214 F.3d at 1069. Weighing Defendants' and the public's interests against Plaintiff's privacy concerns, the Court finds Plaintiff's need for anonymity currently outweighs the public's interest in her identity and the potential for prejudice to Defendants. First, with regard to prejudice to the opposing party, despite being served with this Request, George Street has in no way opposed it or articulated how it may suffer any degree of prejudice if Plaintiff proceeds pseudonymously. Plaintiff further notes that George Street has known her identity for almost a year through its participation in pre-filing settlement negotiations and has thus far refrained from disclosing any information identifying her. Req. at 4; Burgoyne Decl. ¶ 5, Dkt. No. 11. Thus, under the present circumstances, the Court identifies no prejudice to Defendants in allowing Plaintiff to proceed pseudonymously.

Second, while the public interest always favors open access to judicial proceedings and there is a general presumption against anonymity, *Advanced Textile*, 214 F.3d at 1067, the Court does not perceive any particular interest the public might have in knowing Plaintiff's identity. The subject of these proceedings can be understood and scrutinized regardless of Plaintiff's identity. *See id.* at 1072 ("[W]e fail to see [] how disguising plaintiffs' identit[y] will obstruct public scrutiny of the important issues in this case." (footnote omitted)). Furthermore, the public may have an interest in allowing Plaintiff to proceed under a pseudonym because, among other things, Plaintiff has indicated she would rather dismiss her claims than pursue them if pursuing them means exposing her identity. Burgoyne Decl. ¶ 4. To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but

might also discourage others who suffer online public shaming and other such offenses from asserting their claims for fear of further cyber-related exposure. *See Advanced Textile*, 214 F.3d at 1073 ("[P]ermitting plaintiffs to use a pseudonym will serve the public's interest in this lawsuit by enabling it to go forward."); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) (noting the "most compelling situations" when plaintiffs should be permitted to use pseudonyms include those "where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity."). While such a concern might not be sufficient in all cases, under the current circumstances, the Court finds the public interest does not presently weigh against Plaintiff being allowing to proceed under a pseudonym and may actually weigh in her favor.

Finally, Plaintiff's interest in protecting her identity is compelling at this point. "This district has . . . considered 'social stigmatization' [to be] among the 'most compelling' reasons for permitting anonymity. . . . [which] is consistent with the Ninth Circuit's instruction in *Advanced Textile* that anonymity is permitted where the subject matter of a case is 'sensitive and highly personal[.]'" *Jane Roes 1-2*, 77 F. Supp. 3d at 994. Plaintiff alleges Defendants' actions resulted in the mass exposure of the sensitive and highly personal excerpts of her wedding video, leading to the public openly scrutinizing and criticizing her online. She alleges this "public shaming" has caused her great embarrassment, humiliation, and emotional distress (Am. Compl. ¶ 63), and while thus far her name is not associated with this video, it is reasonable that she risks further stigmatization and embarrassment if her name is linked to the video. In cases such as this one, when plaintiffs have expressed "legitimate concern for their privacy" and "an understandable fear of social stigmatization," it is fitting to allow them to proceed under pseudonyms. *Id*. at 993; *see also Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication [of their case] on the merits . . . , they will already have sustained the injury which by this litigation they seek to avoid.").

Thus, given the lack of prejudice to Defendants and the public as compared with Plaintiff's legitimate privacy concerns, the Court will allow Plaintiff to proceed anonymously. However, as noted, courts have discretion to reevaluate the need to proceed pseudonymously as litigation progresses, as "the balance between a party's need for anonymity and the interests weighing in

favor of open judicial proceedings may change[.]" *Advanced Textile*, 214 F.3d at 1069. Consequently, while the Court **GRANTS** Plaintiff's Request to Proceed Under a Pseudonym, it does so **WITHOUT PREJUDICE** to future challenges to this designation.[1]

## REQUEST FOR A PROTECTIVE ORDER

Next, the Court turns to Plaintiff's request for the Court to enter a protective order. Plaintiff proposes the following language:

> [O]nce formally served with a summons . . . , Defendant George Street Photo and Video, LLC and any other named Defendants, and all those acting in concert with or at the direction of any of them, shall refrain from disclosing, whether in connection with this matter or otherwise, Plaintiff's identity or information from which Plaintiff's identity might reasonably be discerned.

*See* Proposed Order, Dkt. No. 10-1.

The court has broad discretion to decide when it is appropriate to issue a protective order and the degree of protection required. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (moving party has burden to show good cause for why a protective order is necessary); *see also* Fed. R. Civ. P. 26(c)(1) ("[T]he court may, for good cause, issue an order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Advanced Textile*, 214 F.3d at 1069 (alluding to the court's general "powers to manage pretrial proceedings" and "to issue protective orders limiting disclosure of the party's name" (citing Fed. R. Civ. P. 26(c)). Given the circumstances and interests discussed above, the Court finds Plaintiff has presently established good cause for the protective order she seeks to protect her identity. Accordingly, the Court **GRANTS** Plaintiff's Request for a Protective Order and **ADOPTS** and **ENTERS** Plaintiff's proposed protective order as stated above. *See Advanced Textile*, 214 F.3d at 1070 (holding that "[a] district court with subject-matter jurisdiction over a case has the power to issue orders relating to third parties" and noting "that this court and others have concealed parties' identities in order to protect them from retaliation by third

---

[1] Plaintiff must also keep in mind that while the Court may be able to protect her name, protecting her identity is a more complicated task, and basic facts that may come to light in the course of this action may expose her identity regardless of the protections ordered or precautions taken.

parties and also to protect nonparties from reprisals." (citations omitted)).

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's Request to Proceed Under the Pseudonym "Jane Doe" and for a protective order **WITHOUT PREJUDICE** to future challenges or modifications of this designation and protective order.

Accordingly, the Clerk of Court shall issue the summons, and the Protective Order is **ENTERED** as follows:

> Once formally served with a summons, Defendant George Street Photo and Video, LLC and any other named Defendants, and all those acting in concert with or at the direction of any of them, shall refrain from disclosing, whether in connection with this matter or otherwise, Plaintiff's identity or information from which Plaintiff's identity might reasonably be discerned.

Plaintiff is **ORDERED** to serve Defendant(s) with a copy of this Order within 21 days of its filing and to file a proof of service of such with the Court.

The Initial Case Management Conference in this matter is **CONTINUED** from August 18, 2016 to September 29, 2016 at 10:00 AM in Courtroom B, 15th Floor of the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco 94102. **IT IS FURTHER ORDERED** that no later than seven calendar days before the Case Management Conference, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/mejorders.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.  If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated: June 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge