UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE STREET PHOTO & VIDEO, LLC,<br><br>    Defendant. | Case No. 16-cv-02698-TSH<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 72 |

## I. INTRODUCTION

Jane Doe ("Plaintiff") engaged the services of George Street Photo & Video, LLC ("Defendant") to document her October 2013 wedding. The videographer Defendant assigned to record Plaintiff's wedding filmed a highly embarrassing interaction between Plaintiff and her new husband, then uploaded the recording to YouTube, where it was viewed millions of times and republished on multiple websites. Plaintiff filed this action, asserting the unauthorized publication of her video violated her right to privacy, as well as a number of California and federal statutes. *See* First Am. Compl. ("FAC"), ECF No. 13. Defendant subsequently moved to compel arbitration and stay the case, which the Court granted. ECF Nos. 29 (Mot. to Compel); 42 ("Arbitration Order"). The parties are now before the Court for consideration of Plaintiff's motion to reconsider the Arbitration Order and lift the stay in this case.[1] ECF No. 72. Defendant filed an

---

[1] Plaintiff originally filed a Motion for Relief from Stay (ECF No. 48), but then also sought leave to file a motion for reconsideration (ECF No. 65). Magistrate Judge Maria-Elena James, to whom this case had previously been assigned until her retirement on August 31, 2018, initially granted leave to file a motion for reconsideration. ECF No. 66. However, given the anticipated

United States District Court
Northern District of California

1 Opposition (ECF No. 77) and Plaintiff filed a Reply (ECF No. 80). The Court finds this matter

2 suitable for disposition without a hearing and **VACATES** the October 25, 2018 hearing. *See* Fed.

3 R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal

4 authority, the Court **GRANTS** Plaintiff's request to lift the stay and **DENIES** Plaintiff's motion

5 for reconsideration as moot.

## II. BACKGROUND

### A. Factual Background

Plaintiff "conducted an extensive amount of research on the wedding photography and videography market." FAC ¶ 31. Based on her research, she decided to engage Defendant to commemorate her October 2013 wedding. *Id.* ¶¶ 35-36. On January 27, 2013, Plaintiff met with Stacy Pate, one of Defendant's sales consultants. *See* Doe Decl. ¶ 3, ECF No. 33; McMahon Decl. ¶ 6, ECF No. 30. The contract Plaintiff signed during her meeting with Pate provides: "If the Client breaches this Contract . . . the Client shall be required to reimburse [Defendant's] costs and reasonable attorneys' fees incurred in the enforcement of this Contract." McMahon Decl., Ex. A ("Contract") at ¶ 27, ECF No. 30-1. In addition, except for suits by Defendant to collect payment for services rendered,

> any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration before one arbitrator in the City of Chicago, Illinois. At the option of the first [party] to commence an arbitration, the arbitration shall be administered by the American Arbitration Association pursuant to its rules and procedures. The prevailing party shall be awarded all of the filing fees and related administrative costs. . . This Contract shall be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to its conflict of laws provision....

*Id.* For the sake of clarity, the Court refers to this paragraph generally as the "Arbitration Clause." Plaintiff described the Contract as containing "legalese" and presumes she saw the Arbitration

---

overlapping nature of the motions, Magistrate Judge James subsequently denied Plaintiff's motion for relief from stay without prejudice and directed Plaintiff to raise all arguments in one motion. ECF No. 71.

1  Clause, but states she would not have been able to make sense of it. Doe Decl. ¶ 9, ECF No. 33.

2  Plaintiff is a California resident. FAC ¶ 1. Defendant is an Illinois limited liability company and its principal office is located in Illinois. *Id*. ¶ 2; *see also* McMahon Decl. ¶ 4.

**B.    Procedural Background**

   **1.    Complaint and Motion to Compel Arbitration**

Plaintiff filed her initial Complaint on May 18, 2016 (ECF No. 1), and her FAC on June 24, 2016, alleging seven causes of action: (1) Misappropriation of California Common Law Right of Publicity; (2) Invasion of Privacy (Publication of Private Facts); (3) Intentional Infliction of Emotional Distress; (4) Negligent Hiring, Retention and Supervision; (5) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); (6) California Deceptive Advertising Practices (Business and Professions Code § 17500, et seq.); and (7) California Consumer Legal Remedies Act (Civil Code § 1750 et seq.). FAC ¶¶ 65-124. She invokes both the Court's original jurisdiction over the subject matter because the action arises out of Defendant's violations of the Lanham Act and diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.* ¶¶ 7, 9.

On October 13, 2016, Defendant moved to compel arbitration, arguing Plaintiff agreed to arbitrate all disputes arising out of their contract, and requesting the Court stay this case pending a final arbitration decision. Mot. to Compel at 1. In granting Defendant's motion, Magistrate Judge James analyzed the enforceability of the Arbitration Clause in accordance with the parties' choice of Illinois law. Arbitration Order at 7. Magistrate Judge James found no reason to conclude the Arbitration Clause is unconscionable under Illinois law and therefore ordered the parties to an arbitration administered by the American Arbitration Association ("AAA") in Chicago. *Id.* at 16. Magistrate Judge James stayed the case pending resolution of the arbitration proceedings. *Id.* at 17.

   **2.    Arbitration Proceedings**

Following the Court's Arbitration Order, Defendant served a demand to arbitrate to the AAA on January 13, 2017, valuing Plaintiff's claim at $75,000 and indicating that the dispute should be adjudicated under the AAA's Commercial Arbitration Rules. Burgoyne Decl., Ex. B.,

3

ECF No. 73. The AAA assigned the case to Sophia Parra, a case administrator in California. *Id.*, Ex. C. The acknowledgment indicated Plaintiff would be responsible for $200 of the AAA filing fee and that Defendant had already paid $1700, its share of the filing fee. *Id.*, Ex. D. The acknowledgment also indicated the Consumer Arbitration Rules would apply. *Id.* Ms. Parra conducted a preliminary telephone hearing on April 27, 2017, during which Plaintiff raised several challenges to the parties' agreement and to the arbitration, including that she would be unable to pay more than the minimum of costs assessed under the Consumer Rules, and that she could not afford for her and her counsel to travel to Chicago. Burgoyne Decl. ¶ 8, Gibson Decl. ¶ 7, ECF No. 53.

On May 4, 2017, Plaintiff filed written objections to the arbitration, including that the parties' agreement had not been vetted for compliance with AAA requirements and again raising the issue of cost. Burgoyne, Ex. G. On June 1, 2017, Carmen D. Caruso, the assigned arbitrator, denied Plaintiff's objections in their entirety, except for Plaintiff's challenge to the enforceability of any limitations on remedy or provisions for cost shifting, which the arbitrator concluded would be decided at the hearing. *Id.*, Ex. K.

In June 2017, Plaintiff's and Defendant's counsel exchanged emails with Ms. Parra regarding potential additional costs to be incurred by the parties for the arbitration. Gibson Decl., Ex. B. On June 5, Ms. Parra informed the parties there would be an $800 final fee and that the arbitrator's hourly fees and expenses would be split by the parties. Burgoyne Decl., Ex. M at 10. On June 19, Ms. Parra responded with a list of known and upcoming fees, including $750 charged by the arbitrator to review and rule on Plaintiff's objections to arbitrability, and reiterated that going forward, the parties would split the arbitrator's fees and costs. Gibson Decl., Ex. B at 1.

On June 30, 2017, the AAA issued a Summary Invoice/Statement reflecting that Plaintiff owed an additional "Initial Administrative Fee – Commercial Rules" of $750. Burgoyne Decl., Ex. L. Also in June 2017, Ms. Parra provided the parties with two additional cost-related documents – a "Notice of Compensation Arrangements" and an "Administrative Fee Schedule." *Id.*, Ex. N. The schedule provides that in the event Plaintiff sought damages in excess of the $75,000 initially indicated by Defendant, she could be subject to increased filing and

4

administrative fees. *Id.*

Over the next several months, Plaintiff, Defendant and Ms. Parra corresponded about whether and how Plaintiff could proceed with the arbitration. On August 3, 2017, Ms. Parra inquired as to whether Plaintiff intended to proceed with the arbitration, as the AAA had not received her payment for the outstanding administrative fee. Burgoyne Decl., Ex. M at 3. Plaintiff's counsel responded on September 6, 2017:

> At present, we're in a can't-go-back-and-can't-go-forward situation. The motion to compel arbitration was granted in part because the process was supposed to be consumer friendly, and (of course) Plaintiff Doe couldn't then prove that it wouldn't be. Since then, she's been divested of the protections of the Consumer Protocols, subject to the Commercial Rules (probably of necessity), and been told to pay another $750 so she can be given a very broad-brush estimate of administration and arbitrator costs. From what I've gathered, those costs could easily climb into the five figures. (Unless, of course, Plaintiff Doe simplifies the case by dismissing/failing to bring certain of her claims.) Add those circumstances to the remedies-type provisions in the arbitration agreement, and you have the antithesis of a consumer friendly process.
>
> Beyond that, I wish I could say that I figured it out. But we're still thinking it over. And I do mean we're thinking it over. We've not forgotten.

*Id.* at 1.

On November 8, 2017, Ms. Parra suggested the parties consider a mediation. Burgoyne Decl., Ex. O at 2. Defendant responded: "In light of the fact that the parties agreed to <u>arbitrate</u>, George Street is not willing to engage at mediation at this time." *Id.* at 1 (emphasis in original).

On December 7, 2017, Defendant filed a Motion to Suspend and Terminate Arbitration. *Id.*, Ex. P. Plaintiff's counsel initially requested an extension of time to respond to Defendant's motion, but Plaintiff never filed an opposition. *Id.*, Ex. Q at 1-2. Instead, Plaintiff's counsel informed Ms. Parra she would "seek reconsideration of the District Court's decision to compel this matter to arbitration" and requested "the arbitration remain open until that motion is decided." *Id.* at 1. On February 5, 2018, the Arbitrator granted Defendant's motion to terminate. *Id.*, Ex. R.

### 3. Motion to Lift Stay and Motion for Reconsideration

On May 10, 2018, Plaintiff filed a Motion for Relief from Stay, arguing that the fees and

1 costs of the arbitration are prohibitive of her participation and are thus unconscionable under the
2 laws of both California and Illinois. ECF No. 48. Magistrate Judge James held a hearing on the
3 matter on June 14, 2018 (ECF No. 58), but prior to issuing any ruling, Plaintiff filed a Motion for
4 Leave to File a Motion for Reconsideration of the Court's December 19, 2016 Arbitration Order.
5 ECF No. 65. Magistrate Judge James granted Plaintiff leave to file a motion for reconsideration
6 on July 10, 2018. ECF No. 66.

On August 6, 2018, as Plaintiff had not yet filed her motion for reconsideration, Magistrate Judge James ordered the parties to file a status report indicating "whether the Court should rule on the pending motion for relief from stay now or, if Plaintiff intends to include the same or similar arguments in the motion for reconsideration, whether the Court should deny without prejudice the motion for relief from stay and consider only the motion for reconsideration." ECF No. 68. The parties filed separate status reports on August 15, 2018. ECF Nos. 69 (Def.'s Report), 70 (Pl.'s Report). In her report, Plaintiff stated that her motions arose from the same broad set of facts and that "[s]o factually interconnected are the Motions that the Motion for Reconsideration will rely heavily on, and will often cite to, the declaration of counsel already filed in support of the Motion for Relief from Stay. Additional facts will be the subject of a second declaration filed along with the Motion for Reconsideration itself." Pl.'s Report at 2. Plaintiff requested the Court consider both motions at once. *Id.* In its report, Defendant argued "Plaintiff not only thwarted the arbitration process, but she has delayed the litigation process by intentionally waiting several months to seek relief from the stay and still has not sought reconsideration of the Order compelling arbitration." Def.'s Report at 2. Defendant also requested the Court hear both motions together and for the motion for reconsideration to be briefed and heard on an expedited basis. *Id.*

On August 16, 2018, Magistrate Judge James informed the parties of her retirement, effective August 31, 2018. ECF No. 71 at 2. Given that Plaintiff had yet to file a motion for reconsideration, as well as the anticipated overlapping nature of the motions, Magistrate Judge James found it would be a better use of judicial resources to consider one motion and therefore denied Plaintiff's motion for relief from stay without prejudice, indicating that "[a]ll arguments

raised in the motion for relief may be raised in the forthcoming motion for reconsideration." *Id.* Magistrate Judge James ordered Plaintiff to file a motion for reconsideration by August 30, 2018, and advised the parties that any information contained in the previously-filed documents that the parties still wished the Court to consider must be included in the newly-filed documents. *Id.*

Plaintiff filed the present motion for reconsideration on August 30, 2018.

### III. DISCUSSION

The Court first turns to Plaintiff's request to lift the stay. Here, there is no dispute Defendant filed a Motion to Suspend and Terminate Arbitration, and that the Arbitrator subsequently terminated the case on February 5, 2018. Burgoyne Decl., Exs. P, R. An arbitration terminated under agreed-upon rules is deemed to have "proceeded pursuant to the parties' agreement" to arbitrate and thus to have satisfied the Federal Arbitration Act ("FAA"). *Tillman v. Tillman*, 825 F.3d 1069, 1073-74 (9th Cir. 2016). The FAA requires courts to stay court proceedings on issues subject to arbitration "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, the question is whether the arbitration proceedings, despite being terminated before the merits were reached or any award issued, satisfied the parties' agreement to arbitrate.

In *Tillman*, the Court addressed the question: "[W]hat does it mean for an arbitration to 'ha[ve] been had in accordance with the terms of the agreement'?" *Tillman*, 825 F.3d at 1073 (quoting 9 U.S.C. § 3). In that case, Tillman sued her law firm, which then invoked the arbitration contained in Tillman's retainer with the firm. *Id.* at 1071. Arbitration proceeded for a time, until Tillman ran out of funds, at which point the arbitrator terminated the arbitration. *Id.* The court determined that it did not matter whether one party had been unable to pay; so long as the arbitration was terminated in accordance with the relevant procedures, the arbitration "had 'been had.'" *Id.* at 1074.

In its ruling, the *Tillman* Court considered two prior Court of Appeals decisions. In *Lifescan, Inc. v. Premier Diabetic Services., Inc.*, Premier and Lifescan submitted a dispute to arbitration under the AAA's rules. 363 F.3d 1010, 1011 (9th Cir. 2004). Before the final arbitration hearings, Premier advised that it was unable to pay its share of the arbitrators' costs.

7

*Id.* When Lifescan declined the option of paying Premier's share, the AAA suspended the proceedings. *Id.* As the AAA's rules allowed the arbitrators to suspend the proceedings when Lifescan declined to pay Premier's costs, the court concluded, "the arbitration ha[d] proceeded pursuant to the parties' agreement." *Id.* There was no requirement that the arbitration proceedings as an award in favor of one party or the other. *Id.*

The *Tillman* Court also considered the Tenth Circuit's decision in *Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015). Cahill also concerned a scenario in which an arbitration under the AAA's rules was terminated for nonpayment of the AAA's fees. *Id.* at 1294. The Tenth Circuit held that because the AAA's rules allowed for such a termination of the proceedings, "the arbitration 'ha[d] been had in accordance with the terms of the agreement,' 9 U.S.C. § 3, removing the § 3 requirement for the district court to stay the proceedings." *Id.*

Here, after Plaintiff informed the arbitrator she was unable to pay her share of the arbitration fees, Defendant did not respond by offering to pay Plaintiff's share of the costs; it voluntarily moved to suspend and terminate the arbitration pursuant to AAA Commercial Rule 57, arguing Plaintiff "has done everything in her power to thwart this arbitration by stalling and failing to pay her portion of the fees owed to AAA." Burgoyne Decl., Ex. P at 2. On February 5, 2018, the Arbitrator granted Defendant's motion. *Id.*, Ex. R. Because Defendant voluntarily requested the arbitration be terminated under the AAA's rules, and it did not seek relief from the Court based on any failure, neglect, or refusal to participate on Plaintiff's part, the Court finds the arbitration has been had in accordance with the terms of the agreement.

### IV. CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's request to lift the stay. The stay is hereby **LIFTED**. Because the stay is lifted, Plaintiff's motion for reconsideration of the Arbitration Order is **DENIED** as moot.

The Court shall conduct a Case Management Conference October 25, 2018 at 10:00 a.m. in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by lead trial counsel. The parties shall e-file (no chambers copy is required) a Joint Case Management Statement containing the information in the Standing Order for All Judges

in the Northern District of California, available at: http://cand.uscourts.gov/tshorders.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: October 1, 2018

THOMAS S. HIXSON
United States Magistrate Judge