UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE STREET PHOTO & VIDEO, LLC,<br><br>    Defendant. | Case No. 16-cv-02698-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 90 |

## I. INTRODUCTION

Jane Doe engaged the services of George Street Photo & Video, LLC to document her October 2013 wedding. Robert Valdes, the videographer assigned to record Doe's wedding, uploaded embarrassing excerpts of the wedding to YouTube, where it was viewed millions of times and republished on multiple websites. Doe filed this action against George Street Photo, asserting the unauthorized publication of her video violated her right to privacy, as well as a number of California and federal statutes. *See* First Am. Compl. ("FAC"), ECF No. 13. George Street Photo now brings this Motion for Leave to File Third-Party Complaint against Valdes pursuant to Federal Rule of Civil Procedure 14.[1] ECF No. 90. Doe does not oppose the motion. ECF No. 94. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 18, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** George Street Photo's motion for the following reasons.

---

[1] George Street Photo & Video, LLC is now known as Orion Photo Group, LLC and seeks to bring the third-party complaint as Orion Photo. Mot. at 1.

## II. BACKGROUND

**A. Factual Background**

On January 27, 2013, Doe entered into a written contract with George Street Photo for the performance of photography and videography services for her wedding. FAC ¶ 36. George Street Photo then entered into an independent contractor agreement with Valdes for his videography services. Marcaletti Decl. ¶ 6, ECF No. 91. The agreement provides that it does not create an employment relationship between George Street Photo and Valdes and that he is not permitted to use images from the wedding: (1) if the client requests any images not be used for public display; (2) if the use of the images "is disparaging or in a negative light," as determined in George Street Photo's sole discretion; or (3) if Valdes does not obtain George Street Photo's permission. *Id.* The agreement further states that Valdes certifies to have business liability insurance and malpractice insurance in an amount sufficient to cover any foreseeable damages related to performance of the agreement. *Id.* Finally, the agreement provides that Valdes agrees to defend George Street Photo and to fully indemnify it for damages related to Valdes's performance. *Id.*

During the wedding reception on October 11, 2013, Valdes recorded an interaction between Doe and her "then-obviously inebriated husband" in which he "performed a series of sexually suggestive and other inappropriate acts as directed toward" her. FAC ¶ 51. Valdes also recorded the minutes following the husband's acts, during which Doe huddled to one side of the reception hall with friends and family who were attempting to console her. *Id.* ¶ 52. Doe contends Valdes then published a portion of the video to YouTube for commercial and advertising purposes, "principally to increase his ranking in search engine results relating to wedding videography and to divert Internet users directly to his business' website." *Id.* ¶¶ 56-57. She alleges the video "went viral," being republished and made accessible by scores of additional websites, and it "has since been viewed by millions of Internet users in the United States and around the world." *Id.* ¶¶ 58-59. Doe learned that the video had been published in July 2015, when her husband learned about it from an overseas relative who saw it. *Id.* ¶ 60.

**B. Procedural Background**

Plaintiff filed her initial Complaint on May 18, 2016 (ECF No. 1) and her FAC on June 24,

2016, alleging seven causes of action against George Street Photo: (1) Misappropriation of California Common Law Right of Publicity; (2) Invasion of Privacy (Publication of Private Facts); (3) Intentional Infliction of Emotional Distress; (4) Negligent Hiring, Retention and Supervision; (5) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); (6) California Deceptive Advertising Practices, Cal. Bus. & Prof. Code § 17500, et seq.; and (7) California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. FAC ¶¶ 65-124. The case was then stayed after the Court granted George Street Photo's motion to compel arbitration. ECF Nos. 29, 42. On October 1, 2018, the Court lifted the stay after arbitration efforts proved unsuccessful. ECF No. 81.

George Street Photo filed the present motion on June 11, 2019. It argues Valdes has "contractual and equitable obligations" to assume the defense and indemnification of George Street Photo based on the independent contractor agreement. Mot. at 2. George Street Photo states it has tendered its defense and indemnity in this action to Valdes on multiple occasions, but Valdes has denied its tender and refused to provide a defense or indemnity. *Id.* at 4. George Street Photo's proposed third-party complaint alleges claims for breach of contract, contractual and equitable indemnity, and contribution. Marcaletti Decl., Ex. A (Proposed Third-Party Comp.), ECF No. 91-1.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 14(a) provides that a defending party may implead a third party "who is or may be liable to it for all or part of the claim against it." The purpose of impleader "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted). "Therefore, courts have construed the rule liberally in favor of allowing impleader." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999); *Bird v. Keefe Kaplan Mar., Inc.*, 2015 WL 4692817, at *1 (N.D. Cal. Aug. 6, 2015); *Universal Green Sols., LLC v. VII Pac Shores Inv'rs, LLC*, 2013 WL 5272917, at *2 (N.D. Cal. Sep. 18, 2013).

However, "a third-party claim may be asserted only when the third party's liability is in

3

some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *see also Bird*, 2015 WL 4692817, at *1. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart*, 845 F.2d at 200 (citation and quotation marks omitted). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (citation and quotation marks omitted).

The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. *Sw. Adm'rs*, 791 F.2d at 777 ((citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)). In deciding whether to allow a third-party complaint, courts find it helpful to consider: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citing *Somportex Ltd. v. Phil. Chewing Gum Corp.*, 453 F.2d 435, 439 n. 6 (3d Cir. 1971)). The court must also consider whether the proposed third-party complaint alleges a cause of action for which relief may be granted. *Id.* at 1057. This factor is important because "[i]t makes no sense to permit such a potentially prejudicial expansion of the case at the expense of Plaintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants." *Id.* at 1057-58.

## IV. DISCUSSION

Having reviewed the relevant factors, the Court finds George Street Photo's motion should be granted.

As a preliminary matter, the Court notes Doe brings her complaint based on diversity jurisdiction, as she is a resident of California and George Street Photo is an Illinois LLC that maintains its principal office in Illinois. FAC ¶¶ 1-2, 9.[2] In its proposed third-party complaint, George Street Photo alleges Valdes is also a resident of California. Proposed Third-Party Compl. ¶ 2. However, impleader claims are deemed "supplemental" to the plaintiff's original claim

---

[2] Orion Photo Group is a limited liability company registered in Delaware with its principal place of business in Illinois. Proposed Third-Party Compl. ¶ 1.

4

1   against the defendant. *See* 28 U.S.C. § 1367(b); *Owen Equip. & Erection Co. v. Kroger*, 437 US
2   365, 376 (1978). "Accordingly, no independent basis for jurisdiction is required. Defendant can
3   implead a third party who is a citizen of the same state as plaintiff." *Fed. Deposit Ins. Corp. v.
4   Loube*, 134 F.R.D. 270, 273 (N.D. Cal. 1991) (citing *Burke v. Ernest W. Hahn, Inc.*, 592 F2d 542,
5   545 (9th Cir. 1979)); *see also Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir.
6   2004) ("Third-party claims by defendants for contribution against a third-party under Federal Rule
7   of Civil Procedure 14(a) generally do not require an independent jurisdictional basis. Instead,
8   such claims fall within the court's supplemental jurisdiction if the impleaded defendant's actions
9   share a 'common nucleus of operative fact' with the case already before the court."); *King Fisher
10  Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir. 1990) ("A court has
11  ancillary jurisdiction of a defendant's proper Rule 14(a) claim against a third-party defendant
12  without regard to whether there is an independent basis of jurisdiction, so long as the court has
13  jurisdiction of the main claim between the original parties.").

Turning to the relevant factors, the Court first notes Doe does not oppose this motion to add Valdes. *See* ECF No. 94 (Statement of Nonopposition). Her FAC confirms that potential liability derives from Valdes's actions as she references throughout how his actions during and after the wedding caused her to suffer embarrassment, shock, fear and damage to her reputation. *See* FAC ¶¶ 47, 51-52, 56, 62-64. Thus, the Court finds there is no prejudice to Doe. *See Diamond Foods, Inc. v. Hottrix, LLC*, 2018 WL 500241, at *4 (N.D. Cal. Jan. 22, 2018) (finding no prejudice where plaintiff did not oppose motion to add third party).

Second, the Court finds granting George Street Photo's motion would not substantially complicate trial. To the extent George Street Photo has an actionable claim against Valdes, resolving all disputes in one litigation would "avoid a circuitry of actions" and inconsistent results. *Irwin*, 94 F. Supp. 2d at 1056. And, even if the third-party complaint could complicate trial, Doe did not object based on this factor and therefore conceded that it will not. *See Ardente v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."); *Clarke v. Pub. Emps. Union Local 1*, 2017 WL 550231, at *2 (N.D. Cal. Feb. 10, 2017) (same). The Court would reach the same conclusion even absent

Doe's concession as Valdes will likely be a potential witness at trial or at least deposed by one or both of the parties. *Clarke*, 2017 WL 550231, at *2 (granting motion where third-party defendant would be a witness at trial and his involvement would be litigated regardless of whether defendant filed a third-party complaint); *Bird*, 2015 WL 4692817, at *3 (same). Further, the proposed third-party complaint involves one third-party defendant and causes of action arising out of the same factual allegations at issue in Doe's FAC. *Clarke*, 2017 WL 550231, at *2 (finding proposed third-party complaint would not substantially complicate the action because it "involves one third-party defendant and a single cause of action arising out of the same contracts at issue in Plaintiff's complaint.")

Third, it is possible that some delay in trial will arise due to the third-party complaint. The fact discovery cut-off is currently September 12, 2019, less than three months from now, and trial is scheduled for May 4, 2020. ECF No. 88 (Case Management Order). Given the time necessary for George Street Photo to serve Valdes and resolution of any potential Rule 12 motion, more time for discovery will likely be needed, resulting in a continuation of all other pretrial and trial dates as well. However, "there is no showing that any delay would be substantial enough to outweigh the gains in judicial efficiency accomplished by obviating the need for a separate action by" George Street Photo against Valdes. *Bird*, 2015 WL 4692817, at *2 (citing *Sw. Adm'rs*, 791 F.2d at 777 ("The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim.")). Further, although this case has been pending for over three years, it is preferable to resolve all disputes between the parties in one action. *See Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, at *8 (N.D. Cal. Apr. 18, 2011) (although delay was likely where the case had been pending for almost two years and discovery closed in less than five months, court granted motion to file third-party complaint because "the Court favors resolving all of the disputes between the parties as expeditiously as possible."). Therefore, the delay in resolution of this case caused by permitting the third-party complaint does not justify denying the motion.

Fourth, George Street Photo's motion appears untimely, especially considering it knew

6

Valdes's identity back in 2013. *See Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader). Still, there is no set time limit for bringing a motion to add a third-party defendant and, even if George Street Photo's motion is untimely, the Court finds the remaining *Irwin* factors as well as judicial efficiency and economy favor permitting impleader. *See Diamond Foods*, 2018 WL 500241, at *4 (although motion was untimely, "[t]here is considerable convenience to the parties to resolve these claims in one action[.]"); *Bird*, 2015 WL 4692817, at *3 ("Regardless, even if the Motion could have been brought earlier, the Court is not persuaded that this delay alone justifies denying KKMI's request."); *Square 1 Bank v. Lo*, 2014 WL 1154031, at *3 (N.D. Cal. Mar. 20, 2014) (failure to bring Rule 14 motion in a timely fashion, without more, is not valid reason to deny motion).

Finally, as noted above, George Street Photo seeks to assert claims for breach of contract and contractual indemnity against Valdes based on their written independent contractor agreement. George Street Photo also seeks to assert claims for equitable indemnity and contribution "based upon equitable principles that apply to the present facts, the legal relationship between [it] and Valdes and the doctrine of comparative fault." Mot. at 6. Because Rule 14 permits impleader where the third-party defendant "may be liable" to the original defendant, and the agreement here provides that Valdes defend and fully indemnify George Street Photo for damages related to Valdes's performance, the Court finds the proposed third-party complaint likey alleges causes of action for which relief may be granted. Further, whether George Street Photo has an actionable claim against Valdes is "an issue better left for [Valdes] to challenge once he is served." *Clarke*, 2017 WL 550231, at *3 (citing *Clark Cty. v. Jacobs Facilities, Inc.*, 2011 WL 44587797, at *1 (D. Nev. Sep. 23, 2011) ("Rule 14(a) expressly permits impleader where the proposed third-party defendant 'may be liable' to the original defendant" and the proposed third-party complaint "asserts at least a colorable claim for relief[,]" as "[a]ny Rule 12 defenses . . . are properly raised by [the] third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.") and *Villegas v. Hackett*, 2007 WL 4277509, at *3 (S.D. Cal. Dec. 5, 2007) (declining to address the parties' arguments about "the issue of

viability" of the complaint on a Rule 14 motion for leave to file a third-party complaint because "that issue is not now before the court").

In short, construing Rule 14(a)(1) liberally in favor of impleader, *see Universal Green Solutions*, 2013 WL 5272917, at *2, to the extent George Street Photo has an actionable claim against Valdes, the Court finds that resolving all disputes arising from Doe's FAC in one litigation would "avoid a circuitry of actions" and inconsistent results. *Irwin*, 94 F. Supp. 2d at 1056.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** George Street Photo's motion for leave to file its third-party complaint against Valdes. George Street Photo shall file the third-party complaint as a separate docket entry and shall serve Valdes pursuant to Federal Rule of Civil Procedure 4. The Court shall conduct a Case Management Conference on August 22, 2019. The parties shall file an updated joint case management statement by August 15, 2019. No chambers copy is required.

**IT IS SO ORDERED.**

Dated: June 19, 2019

THOMAS S. HIXSON
United States Magistrate Judge