UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE STREET PHOTO & VIDEO, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-02698-TSH<br><br>**SCREENING ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 102 |

## I. INTRODUCTION

After Plaintiff Jane Doe engaged the services of Defendant George Street Photo & Video, LLC to document her October 2013 wedding, the assigned videographer uploaded embarrassing excerpts of the wedding to YouTube, where it was viewed millions of times and republished on multiple websites. Doe alleges the unauthorized publication of her video violated her right to privacy, as well as a number of California and federal statutes. Pending before the Court is Doe's Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), in which she seeks to (1) add factual allegations regarding Orion Photo Group, which she alleges is the successor in interest and/or alter ego of George Street; and (2) add claims for damages and injunctive relief under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. ECF No. 102. Although George Street filed an Opposition (ECF No. 104), Doe did not file a reply. The Court finds oral argument unnecessary and **VACATES** the September 19, 2019 hearing. *See* Civ. L.R. 7-1(b).

As discussed below, the Court finds leave to amend should be granted as to some but not all claims. However, all parties, including unserved defendants, must consent for jurisdiction to vest with a magistrate judge. *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017). Doe and

George Street both consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), *see* ECF Nos. 9, 22, but George Street recently filed a Third-Party Complaint against Robert Valdes, the wedding videographer, and has been unable to serve him. ECF Nos. 96-97. Although the Ninth Circuit has not directly addressed the issue, it has indicated that motions to amend may be considered dispositive. *See Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (While a "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome.") (quoting *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015)) (emphasis in original). In making this determination, the Court must "examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." *Id.*

Because the undersigned finds Doe is precluded from pursuing certain claims under the CLRA, her motion is considered dispositive. *See id.* ("We conclude that Bastidas's motion to stay and abey was dispositive of the new claim he sought to add to his petition, and the magistrate judge therefore lacked authority to deny it."); *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) ("[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter.") (citation omitted); *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("There are circumstances, such as when a "magistrate judge denies a party the opportunity to assert a new claim or defense," or "when the denial is specifically premised on futility," that courts have "viewed a magistrate judge's denial of a motion for leave to amend as a dispositive ruling.") (citations and alterations omitted).

Accordingly, the Court issues this screening order and requests the parties meet and confer to determine whether (1) they can stipulate to Doe filing a second amended complaint in compliance with this screening order or (2) the Court should request that the Clerk of Court reassign this case with a report and recommendation.

## II. BACKGROUND

**A. Factual Background**

On January 27, 2013, Doe entered into a written contract with George Street for the performance of photography and videography services for her wedding. First Am. Compl. ("FAC") ¶ 36, ECF No. 13. George Street then entered into an independent contractor agreement with Robert Valdes for his videography services. Marcaletti Decl. ¶ 6, ECF No. 91. During the wedding reception on October 11, 2013, Valdes recorded an interaction between Doe and her "then-obviously inebriated husband" in which he "performed a series of sexually suggestive and other inappropriate acts as directed toward" her. FAC ¶ 51. Valdes also recorded the minutes following the husband's acts, during which Doe huddled to one side of the reception hall with friends and family who were attempting to console her. *Id.* ¶ 52. Doe contends Valdes then published a portion of the video to YouTube for commercial and advertising purposes, "principally to increase his ranking in search engine results relating to wedding videography and to divert Internet users directly to his business' website." *Id.* ¶¶ 56-57. She alleges the video "went viral," being republished and made accessible by scores of additional websites, and it "has since been viewed by millions of Internet users in the United States and around the world." *Id.* ¶¶ 58-59. Doe learned that the video had been published in July 2015, when her husband learned about it from an overseas relative who saw it. *Id.* ¶ 60.

**B. Procedural Background**

Doe filed her initial Complaint on May 18, 2016 (ECF No. 1) and her FAC on June 24, 2016, alleging seven causes of action against George Street: (1) Misappropriation of California Common Law Right of Publicity; (2) Invasion of Privacy (Publication of Private Facts); (3) Intentional Infliction of Emotional Distress; (4) Negligent Hiring, Retention and Supervision; (5) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a); (6) California Deceptive Advertising Practices, Cal. Bus. & Prof. Code § 17500, et seq.; and (7) California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. FAC ¶¶ 65-124. The case was then stayed after the Court granted George Street's motion to compel arbitration. ECF Nos. 29, 42. On October 1, 2018, the Court lifted the stay after arbitration efforts were unsuccessful. ECF No. 81. On

1  October 23, 2018, the Court issued a Case Management Order setting April 29, 2019 as the
2  deadline to seek leave to amend, June 27, 2019 as the close of fact discovery, and April 6, 2020 as
3  the start of trial. ECF No. 83. The parties subsequently requested, and the Court approved, a
4  continuation of the case management deadlines, with a July 22, 2019 deadline to seek leave to
5  amend, a fact discovery deadline of September 12, 2019, and trial on May 4, 2020. ECF No. 88.

On March 27, 2019, Doe mailed George Street a notice of violations under the CLRA, requesting it remedy the alleged violations within 30 days. Burgoyne Decl., Ex. C ("CLRA notice"), ECF No. 102-2.

On June 11, 2019, George Street filed a motion to file a third-party complaint against Valdes, arguing he has "contractual and equitable obligations" to assume the defense and indemnification of George Street based on the independent contractor agreement. ECF No. 90. The Court granted the motion on June 19, 2019. ECF No. 95. George Street filed its third-party complaint against Valdes that same day, alleging claims for breach of contract, contractual and equitable indemnity, and contribution. ECF No. 96.

Doe filed the present motion on July 22, 2019. In her proposed amendments, she adds factual allegations detailing her claim that Orion is the successor in interest and/or alter ego of George Street. Burgoyne Dec., Ex. A (Proposed Sec. Am. Compl. ("SAC")), ¶ 3. She also adds the terms of her and George Street's contract's arbitration provision. *Id.* ¶ 38. As to her causes of action, she seeks to modify the seventh claim under the CLRA. In her FAC, Doe stated: "For clarification, Plaintiff does not by this First Amended Complaint seek damages in connection with her [CLRA] claim." FAC ¶ 124. However, in the proposed SAC, Doe changes the heading from a general "California Consumer Legal Remedies Act" claim to "California Consumer Legal Remedies Act Claim for Damages," and adds a claim for attorneys' fees. SAC at 20-21. Doe also adds allegations regarding the March 27, 2019 notice of CLRA violations she served on George Street. *Id.* ¶¶ 125-27. Finally, Doe seeks to add an eighth cause of action for injunctive relief under the CLRA, alleging that the arbitration provision is unconscionable. *Id.* ¶¶ 130-37.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it. Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

Doe maintains this motion is made in good faith and there is no possibility of unfair prejudice to George Street because it "is well aware of, and has conducted discovery on and in some cases extensively litigated, the facts underlying [her] amendment." Mot. at 2. Doe states she "had hoped to delay filing her SAC until videographer Robert Valdes had appeared. To Plaintiff's counsel's knowledge, however, George Street has thus far been unable to serve Valdes. Accordingly, and because the CMO's deadline to seek leave to amend expires this evening, Plaintiff filed this Motion." *Id.* at 3.

In response, George Street maintains Doe "was dilatory and unreasonably delayed seeking leave to amend the FAC three years into this litigation and on the very last day that the Court provided in its Case Management Order." Opp'n at 4. It argues the crux of the amendments is the alleged unconscionability of the arbitration provision in the parties' contract, yet this contract was

5

cited in her initial complaint and FAC, she was a party to the contract, and the arbitration provision was the subject of extensive litigation initiated by George Street's motion to compel arbitration. *Id.* As Doe's proposed amendments add new claims and damages that were previously excluded from the FAC but could have been brought initially, George Street contends "there is no question that [it] will be prejudiced by the Court allowing [Doe] to file a further amended Complaint." *Id.* at 4-5. Finally, George Street argues it "is abundantly clear that [Doe] is now attempting to backhandedly correct a procedural defect now by having sent [it] his [sic] March 27, 2019 letter to try to get around the three-year statute of limitations for claims under the CLRA." *Id.* at 5.

### A. Alter Ego Allegations

As to Doe's allegations regarding Orion, the Court finds leave to amend would be appropriate. George Street argues the request is untimely because it disclosed the change in its corporate structure in October 2016 as part of its motion to compel arbitration and that its name has no bearing on the claims Doe seeks to bring. *Id.* at 4. However, the first sentence of George Street's opposition brief concedes that Orion formerly was George Street. *Id.* at 1 ("defendant ORION PHOTO GROUP, formerly known as George Street Photo & Video, LLC, an Illinois limited liability company"). And, on the second page, George Street refers to it as a "name change." *Id.* at 2. As such, the Court sees no prejudice in adding the alter ego allegations because there is no suggestion that Orion's status as a successor is even disputed. Further, although George Street disclosed the change in corporate structure in October 2016, this case was subsequently stayed for nearly two years, there is no indication Doe seeks this amendment now in bad faith, and Doe sought leave to amend within the time permitted by the Court's case management order. Accordingly, the Court finds Doe should be granted leave to amend to add these allegations.

### B. CLRA Damages

Doe states that the proposed damages claim under the CLRA is brought pursuant to the March 2019 CLRA notice and based on George Street's alleged advertising misconduct. Mot. at 2. She "had hoped to delay filing her SAC until videographer Robert Valdes had appeared," but

"George Street has thus far been unable to serve Valdes. Accordingly, and because the CMO's deadline to seek leave to amend expires this evening, Plaintiff filed this Motion." *Id.* at 3.

George Street argues Doe was dilatory in seeking leave to amend "three years into this litigation and on the very last day that the Court provided in its Case Management Order . . . ." Opp'n at 4. It contends Doe's attempt to amend is without merit because she does so in an attempt to avoid the CLRA's three-year statute of limitations. *Id.* at 5; Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."). Specifically, George Street notes the CLRA requires that prior to commencing an action for damages, Doe was to have notified it in writing of the alleged violations, yet she filed her action in May 2016 without having sent George Street such a notice. Opp'n at 5 (citing Cal. Civ. Code §§ 1770, 1782).

Under the CLRA, a plaintiff must provide 30 days' notice of the specific alleged CLRA violation by certified registered mail before filing a CLRA claim for damages. Cal. Civ. Code § 1782(a). Here, Doe admits she did not serve George Street with the CLRA notice until March 2019, more than six years after the parties entered into their agreement, nearly four years after she learned the video had been published on YouTube, and nearly three years after she filed her initial complaint. It thus appears untimely under section 1783. *See Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1148 (N.D. Cal. 2005) (CLRA "statute of limitations runs 'from the time a reasonable person would have discovered the basis for a claim.'") (quoting *Mass. Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App.4th 1282, 1295 (2002)). However, Doe included a claim for injunctive relief in her FAC, which was timely filed on June 24, 2016. Courts have permitted leave to amend in similar circumstances. *See Deitz v. Comcast Corp.*, 2006 WL 3782902, at *5-6 (N.D. Cal. Dec. 21, 2006) (where the plaintiff sought damages and injunctive relief under the CLRA but failed to provide notice under section 1782, the court dismissed the damages claim without prejudice on the ground that the legislature specifically contemplated that an action seeking injunctive relief could be amended to include a damages claim); *Keilholtz v. Superior Fireplace Co.*, 2009 WL 839076, at *3 (N.D. Cal. Mar. 30, 2009) (permitting the plaintiff to proceed "with their claim for injunctive relief, and [to] move for leave to amend their complaint to

7

include a request for damages once they are able to show compliance with § 1782(d) . . . ."). Given that Doe included a claim under the CLRA in her FAC and has now provided notice under section 1782, the Court finds it would be "draconian" not to permit her leave to amend to include a claim for damages. *Deitz*, 2006 WL 3782902, at \*6 ("Given that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim," the court finds it would be "draconian" not to permit leave to amend, and "the goal of the legislature would best be served by allowing amendment in the circumstances of this case.").

Further, although Doe seeks to amend over three years after filing her amended complaint, the Court notes this case was stayed for nearly two years pending the outcome of the parties' arbitration and, regardless, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

In addition, although adding a claim for damages this close to the end of fact discovery, *see* ECF No. 88 (close of fact discovery is September 12, 2019) might seem prejudicial to the defendant, in this case Doe's first amended complaint already included a damages claim under the federal Lanham Act based on allegations that largely parallel her existing CLRA claim. ECF No. 13 ¶¶ 99-111. Thus, adding a CLRA damages claim based on the same conduct does not actually expand the factual issues in the case or require discovery into new issues. It merely amounts to an additional legal basis for damages that Doe was already seeking.

Finally, "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182. The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Miller*, 845 F.2d at 214.

To satisfy the 12(b)(6) pleading standard, a plaintiff must plead her claim with sufficient

specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted) (quotation marks omitted).

The CLRA prohibits false or misleading advertising. Cal. Civ. Code § 1770(a). Conduct is deceptive or misleading if it is "likely to deceive a reasonable consumer." *Williams v. Gerber Prods.*, 552 F.3d 934, 938 (9th Cir. 2008). "[T]o state a claim under the CLRA, a plaintiff must show that: (1) a consumer is exposed to an unlawful business practice, and (2) the consumer is damaged by the unlawful practice." *Richter v. CC-Palo Alto, Inc.*, 176 F. Supp. 3d 877, 899 (N.D. Cal. 2016) (citing *MacRae v. HCR Manor Care Servs.*, 2014 WL 3605893, at *3 (C.D. Cal. July 21, 2014)). Consumers who have suffered "any damage" resulting from unfair or deceptive methods, acts, or practices, may bring an action to obtain actual damages, an injunction, restitution of property, or "[a]ny other relief that the court deems proper." Cal. Civ. Code § 1780(a).

In her proposed seventh claim for damages under the CLRA, Doe alleges George Street violated the CLRA because she relied on, and suffered damages as a result of, their unlawful business practices:

> (a) misrepresenting the source, sponsorship, approval, or certification of some or all of the goods and/or services sold under the George Street name;
>
> (b) misrepresenting George Street's affiliation with, connection to, association with, and/or certification of some or all of George Street's photographers and videographers;
>
> (c) using deceptive representations or designations of geographic origin in connection with some or all of George Street's goods and/or services;
>
> (d) representing that goods and/or services sold under the George Street name have sponsorship, approval, characteristics, benefits, and qualities that they do not have;
>
> (e) representing that some or all of George Street's photographers and videographers have a sponsorship, approval, status, affiliation, or connection as to George Street that such individuals do not have;

9

> (f) misrepresenting that some or all of the goods and/or services sold under the George Street name are of a particular standard, quality, or grade; and
>
> (g) advertising goods and/or services with intent not to sell them as advertised.

SAC ¶ 123. She further alleges George Street's practices are deceptive and misleading because they imply it:

> (a) Has dedicated physical "locations" in San Francisco and other cities across California and the United States, staffed by dedicated George Street employees;
>
> (b) Carefully selects and screens its videographers and photographers, all of whom are uniformly motivated, qualified and concerned with their provision of services;
>
> (c) Videographers and photographers are employed by George Street, such that George Street exercises a degree of accountability, management and control sufficient to ensure a high and uniform quality of services; and
>
> (d) Exercises a high and uniform degree of involvement in the planning, administration and provision of George Street's services, to include the selection of videographers and photographers, location and event planning and scheduling, and the post-production and editing of the videographic and photographic content ultimately provided to customers.

*Id.* ¶ 126. As a result of these practices, Doe alleges she suffered damages, including "attorneys' fees, lost past and future wages, humiliation, embarrassment, mental anguish and emotional suffering." *Id.* ¶ 124. Accepting these allegations as true, the Court finds Doe states a plausible claim for damages under the CLRA.

Accordingly, applying Rule 15's standard "with extreme liberality" and indulging "all inferences in favor of granting the motion," the Court finds leave to amend would be appropriate.

### C. CLRA Injunctive Relief

Doe also seeks to add an eighth cause of action for injunctive relief based on the arbitration provision. SAC ¶¶ 130-37. Specifically, pursuant to Civil Code section 1780(a)(2), she seeks an order of "enjoining George Street, its agents, ostensible agents, employees, representatives and all persons acting in concert with George Street, from the unfair methods of competition and unfair and/or deceptive acts and practices alleged herein. The public will be irreparably harmed if such

an order is not granted." *Id.* ¶ 135. However, to establish standing for prospective injunctive relief, a plaintiff must demonstrate that "[s]he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that [s]he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citation and quotation marks omitted). A plaintiff must establish a "real and immediate threat of repeated injury." *Id.*; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) ("[T]o establish standing to pursue injunctive relief . . . [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future.").

Doe alleges "the public" will be irreparably harmed if the Court does not enjoin George Street from its alleged unfair or deceptive practices, but she does not allege *she* will be injured again in a similar way. *See Bates*, 511 F.3d at 985. Further, the Ninth Circuit has held that "for injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quotation marks omitted). "In other words, the threatened injury must be *certainly impending* to constitute injury in fact and allegations of possible future injury are not sufficient." *Id.* (quotation marks omitted) (emphasis in original). Here, the possibility that Doe might be injured in the future by George Street's representations is an insufficient allegation of future harm. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects.") (quotation marks omitted); *Wolf v. Hewlett Packard Co.*, 2016 WL 8931307, at *9 (C.D. Cal. Apr. 18, 2016) ("Plaintiff has not alleged that she will purchase Defendant's printer in the future in reliance on the allegedly false advertising—and it would be impossible to do so, as she now possesses knowledge of the alleged falsity of the "Smart Feature" advertisement.); *Castagnola v. Hewlett-Packard Co.*, 2012 WL 2159385, at *6 (N.D. Cal. June 13, 2012) (holding that the plaintiffs could not demonstrate a likelihood of future injury where they failed to allege that they would again purchase the products giving rise to the dispute, and even if they did, they could not show a realistic threat of future harm because they had already become aware of the allegedly false representations); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp.

11

2d 939, 951 (S.D. Cal. 2007) (holding that it was unclear how prospective relief would redress the plaintiff's injury because she had since become aware of the facts giving rise to her claims under California's consumer laws).

In light of these facts, the Court concludes that Doe fails to demonstrate standing to seek injunctive relief and leave to amend would not be appropriate.

## V. CONCLUSION

For the reasons discussed above, the Court finds that leave to amend would be appropriate as to Doe's alter ego and CLRA damages allegations, but she does not have standing to seek the injunctive relief she seeks to add. Ordinarily, because not all parties have consented to the undersigned's jurisdiction, the Court would request the Clerk of Court reassign this case with the recommendation that the Court **GRANT** leave to amend as to Doe's alter ego allegations and the seventh cause of action for damages under the CLRA, but **DENY** leave to amend as to her eighth cause of action for injunctive relief under the CLRA. However, given that this case has been pending for over three years and the parties that have appeared have both consented to magistrate judge jurisdiction, the Court **ORDERS** the parties to meet and confer to determine whether (1) they can stipulate to Doe filing a second amended complaint in compliance with this screening order or (2) the Court should request that the Clerk of Court reassign this case with a report and recommendation. The parties shall file the stipulation or request for reassignment by August 30, 2019.

**IT IS SO ORDERED.**

Dated: August 16, 2019

THOMAS S. HIXSON
United States Magistrate Judge

12